Judge Pauley,

**08 CV 6593**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ORUBA SHIPPING S.A.,

        Plaintiff,

   -against-

ASTRA S.A.,

        Defendant.
-------------------------------------------------------X

08 CV
ECF CASE



## VERIFIED COMPLAINT

Plaintiff, Oruba Shipping S.A. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the defendant, Astra, S.A., (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, plaintiff, Oruba Shipping, S.A., was, and still is a foreign corporation duly organized and operating under the laws of a country other than the United States, with an office and place of business located at Nevis West Indies, and was the manager of the vessel MT ORUBA.

3. Upon information and belief, defendant, Astra S.A., was and still is a foreign business entity, organized and existing pursuant to the laws of a country other than the United States, with an office and place of business located at 10 Puskin Street, Sector 1, Bucharest, Romania, and is engaged the business of providing marine protection and indemnity (P&I) insurance to the maritime community, and was the P&I underwriter for the MT ORUBA, as more fully described below.

## RELEVANT FACTS

4. Defendant, Astra S.A., issued marine protection and indemnity (P&I) insurance policy number 010CT/12/02/04 (hereinafter "the policy") to plaintiff, Oruba Shipping S.A. The policy provided P & I insurance coverage for plaintiff's vessel, the MT ORUBA.

5. This lawsuit concerns two incidents involving main engine casualties aboard the MT ORUBA, which caused plaintiff to incur monetary damages, and for which payment of said damages is due and owing to plaintiff by the defendant, pursuant to the terms of the policy.

## INCIDENT NO.1

6. On or about July 10, 2004, the MT ORUBA suffered a main engine casualty while carrying a cargo of ethanol from Trapani, Sicily to Bordeaux, France.

7. As a result of the engine casualty, the vessel lost propulsion and began to drift towards the Algerian coast.

8. In the interest of the common safety of the ship and its cargo, arrangements were made for the MT ORUBA's sister ship, the MT SANTOS C, to proceed to the MT ORUBA's position and assist her to a suitable port of refuge and repair.

9. On or about July 17, 2004, the MT SANTOS C towed the MT ORUBA to an anchorage off Tunis. There, specialist engineers inspected the engine of the MT ORUBA and discovered extensive damage to the crankshaft, main bearings, two pistons, one cylinder, and all shell bearings.

10. Due to the extent of the damages, and the lack of adequate repair facilities in Tunis, arrangements were made to tow the vessel to Izmir, Turkey for repair.

11. On or about August 19, 2004, the vessel was towed to Izmir, Turkey for the necessary repairs.

## **INCIDENT NO. 2**

12. On October 13, 2004, with engine repairs having been completed in Izmir, the vessel resumed its voyage to Bordeaux.

13. On or about October 15, 2004, additional problems were experienced with the main engine, including abnormally high exhaust temperatures and unusual noises. In order to ascertain the cause of the problems, the vessel anchored in Thorikon Bay, Lavrion.

14. Upon anchoring, an inspection of the engine revealed that two cylinders and associated crank pins had seized.

15. An engine specialist was brought aboard the vessel to investigate the extent of the damages sustained. It was determined that the engine's crankshaft needed to be renewed.

16. Thereafter, the damaged engine components were isolated and the vessel proceeded at a reduced operating speed to Tuzla, Turkey for repair.

17. On or about January 18, 2005 repairs were completed and the MT ORUBA proceeded to Bordeaux to discharge its cargo of ethanol.

18. On or about February 8, 2005, the vessel arrived at Bordeaux to discharge its cargo.

19. As a result of the two above described engine casualties, plaintiff incurred damages in the amount of $702,081.87, which were covered under the terms and conditions of the applicable policy of insurance, and for which plaintiff rightfully submitted a claim for payment to its marine underwriter, the defendant.

20. Despite repeated demands, the defendant failed to reimburse and/or pay plaintiff for the damages incurred and has, thereby, breached the above referenced contract of P&I insurance.

21.     As a result of the defendant's breach of contract, plaintiff has sustained damages in the amount of at least $702,081.87.

22.     The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, defendant has, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the defendant.

23.     The plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the defendant and to secure plaintiff's claim as described above.

**WHEREFORE,** plaintiff prays:

A.     That process in due form of law issue against defendant, citing it to appear and answer under oath all and singular matters alleged in the Complaint;

B.     That since the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to,

*ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are due and owing to the Defendant, in the amount of $702,081.87 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    An Order recognizing and enforcing any final judgment rendered by a Romanian Court in plaintiff's favor for the monies owed and the claims herein;

    D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

    E.    The Court order, adjudge and decree that defendant, ASTRA S.A., pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs

    F.    That plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 24, 2008
228-37

    The Plaintiff,
    Oruba Shipping S.A.

By: _____
Christopher M. Schierloh (CS-6644)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
Tel: 212-286-0225
Fax: 212-286-0261
cms@caseybarnett.com

## ATTORNEY'S VERIFICATION

State of New York  )
                   )  ss:
County of New York )

1. My name is Christopher M. Schierloh.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the plaintiff is that the plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the plaintiff and agents and/or representatives of the plaintiff.

Dated: New York, New York
       July 24, 2008
       228-37

_____
Christopher M. Schierloh